UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIFFANY M. JACOBS,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

CASE NO. 12-1792JLR

ORDER ADOPTING REPORT
AND RECOMMENDATION

## I.    INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Donohue (R&R (Dkt. # 13)), and Ms. Tiffany M. Jacobs' objections thereto (Objections (Dkt. # 14)).  Having carefully reviewed all of the foregoing, along with all other relevant documents and the governing law, the court ADOPTS the R&R (Dkt. # 13) and AFFIRMS the deicision of the Commissioner.

ORDER- 1

# I.  BACKGROUND

This is an appeal from a denial of Social Security Disability Insurance Benefits ("DIB").  Plaintiff Tiffany M. Jacobs is a 28-year-old woman who has been diagnosed with bipolar disorder, cognitive impairments, depression, anxiety, and paranoia (Administrative Record ("AR") (Dkt. # 6) at 52, 206-07, 231.)  Her prior work experience includes employment as a waitress, barista, and cook, along with service in the Navy.  She has not been gainfully employed since 2007.  (*Id*. at 199-200).  Ms. Jacobs has a history of alcohol and cannabis dependence both before and after her application for DIB.  (AR at 281, 543, 538.)  She also has a history of hospitalizations due to "manic or depressive episodes."  (Opening Br. (Dkt. # 10) at 4; AR at 262, 394, 572-77.)

Ms. Jacobs applied for DIB on May 20, 2009, alleging a disability onset date of March, 1, 2009.  (*Id*. at 29, 171-75.)  For Ms. Jacobs to receive Social Security disability benefits, she must establish her disability on or before when she was last insured, September 30, 2011.  (*Id*. at 29; *see* 42 U.S.C. §§ 423(a).)  Her application was denied by the Social Security Administration Commissioner (AR at 101-04) and was denied again on reconsideration (*id*. at 106-16).  Ms. Jacobs requested a hearing (*id*. at 117, 120-21), which was granted, and was held on January 20, 2011, before Administrative Law Judge ("ALJ") Larry Kennedy (*id*. at 26-96).  The ALJ issued a decision upholding the Commissioner's finding that Ms. Jacobs did not have an impairment or combination of

ORDER- 2

impairments that meets or medically equals a disability under the Social Security Act.[1]
Ms. Jacobs requested review of the ALJ's ruling by the Appeals Council, and her request was denied. (*Id*. at 1-7.)

Ms. Jacobs timely filed a complaint in Federal District Court for the Western District of Washington on October 12, 2012, to appeal the ALJ's ruling. (Complaint (Dkt. # 1).) She argues that she is in fact disabled under the Social Security Act and that the ALJ erred by concluding otherwise. (*Id*.) In her opening brief, Ms. Jacobs argued that the ALJ made four errors in his ruling, contending that: (1) the ALJ failed to adequately consider whether Ms. Jacobs' lack of compliance with treatment was a result of her mental illness, (2) the ALJ failed to give specific and legitimate reasons for rejecting the opinions of Dr. Beth Sandman, (3) the ALJ failed to give legally sufficient reasons for rejecting the opinions of Ms. Jacobs' therapist, Ms. Mary Harris-Giles, and (4) the ALJ failed to adopt Dr. Rebecca Alexander's opinion in full. (Opening Br. at 1.) Magistrate Judge James P. Donohue did not agree with Ms. Jacobs' argument and issued an R&R recommending that the ALJ's decisions be affirmed in full. (*See generally* R&R.) Ms. Jacobs objects to Judge Donohue's R&R. (*See generally* Objections.)

---

[1] Disability is defined by the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Molina v. Astrue*, 674 F.3d 1104, 1100 (9th Cir. 2012).

## II. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's R&R on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the R&R to which specific written objection is made. Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.*

While review of an R&R is de novo, the court must defer to the ALJ's findings and may set aside the Commissioner's denial of benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 690 (9th Cir. 2009) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (internal quotation marks and citations omitted)).

The court must examine the record as a whole and may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The ALJ determines credibility, resolves conflicts in medical testimony, and resolves any other ambiguities that may exist. *Andrews v. Shalala*, 53

F.3d 1035, 1039 (9th Cir. 1995).  When the evidence is susceptible to more than one rational interpretation, the court must uphold the ALJ's conclusion.  *Thomas*, 278 F.3d at 954.

### III.  DISCUSSION

Ms. Jacobs objects to Magistrate Judge Donohue's R&R in its entirety and asserts that the ALJ and Magistrate Judge erred in finding that she was not disabled.  (*See generally* Objections.)  Ms. Jacobs asks the court to decline to adopt the Magistrate Judge's R&R and remand this case for further consideration.  (*Id*. at 7.)  None of Ms. Jacobs' objections raise new issues that were not addressed by the Magistrate Judge's R&R.  (*See generally* Objections.)  Having reviewed the record and governing law, the court concludes that substantial evidence supports the ALJ's findings on all four claims and the Magistrate Judge's R&R is correct on all points.  The court will address each of the four claims in turn.

#### A. The ALJ properly considered Ms. Jacobs' non-compliance with her medication.

Ms. Jacobs argues that the ALJ improperly disregarded her diagnosis of bipolar disorder as a justifiable excuse for her failure to comply with her treatment.  (Opening Br. at 11-12.)  The Social Security Commissioner argues, to the contrary, that the ALJ properly assessed Ms. Jacobs' non-compliance with her medication regimen in light of her bipolar disorder.  (Def. Br. (Dkt. # 11) at 9-10.)  The ALJ concluded that "[e]xacerbations of [Ms. Jacobs'] mental status appear associated with her failure to follow her treatment regimen" and that such voluntary lack of compliance with her

treatment undermined the credibility of her testimony. (AR at 35-36.) The Magistrate Judge affirmed the ALJ's ruling in full, holding that the "ALJ's finding is based on reasonable inferences drawn from the record and supported by substantial evidence." (R&R at 11.)

The Ninth Circuit has "long held that, in assessing a claimant's credibility, the ALJ may properly rely on 'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.'" *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)). Similar to this case, in *Molina v. Astrue*, "[a]lthough Molina provided reasons for resisting treatment, there was no medical evidence that Molina's resistance was attributable to her mental impairment rather than her own personal preference." *Id*. at 1114 (citing Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *7 (July 2, 1996). Ms. Jacobs was aware of her medical condition and mental-health diagnosis (AR at 35), she failed to comply with the recommended treatment (AR at 36), and there is no medical evidence linking the non-compliance with the mental illness (*see generally* AR). Here, the ALJ was correct to conclude that Ms. Jacobs' mere assertion that her noncompliance was attributable to her mental illness was insufficient to establish that her regression in treatment was attributable to her illness. Having reviewed the Administrative Record, the ALJ's findings, and the R&R, the court independently rejects Ms. Jacobs' argument and finds that the ALJ properly considered her non-compliance with her medication.

**B. The ALJ provided specific and legitimate reasons for rejecting Dr. Sandman's opinion.**

Next, Ms. Jacobs argues that the ALJ did not provide specific and legitimate reasons for rejecting Dr. Sandman's opinion.  (Opening Br. at 14-18 (citing AR at 554).)  In response, the Commissioner stated that there are "several valid reasons for discounting Dr. Sandman's opinion . . . most notably [that] Dr. Sandman's opinion . . . did not acknowledge or account for the issue of noncompliance with prescribed medication."  (Def. Br. at 11; *see* AR at 37-38, 554-55.)  The ALJ's ruling assigned little weight to Dr. Sandman's opinions:  "(1) because she did not support her opinions with references to objective medical findings, (2) because she failed to acknowledge that Plaintiff's symptoms were exacerbated when she fails to comply with her medication regimen, and (3) because the opinions are inconsistent with Plaintiff's daily activities and her own self-report that her symptoms are well-managed with therapy and medication."  (R&R at 11-12; *see* AR at 37-38.)

"To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Id*.  At the same time, the Ninth Circuit holds that "[a] physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly

ORDER- 7

discounted.'"  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)).  The ALJ found Dr. Sandman's opinion to be directly contradicted by Ms. Jacobs' self-reported improvements while on medication (AR at 38 (citing AR at 550)) and her daily activities (AR 36-38).  Dr. Sandman's opinions "fail[ed] to account for Plaintiff's improvement with treatment" and such failure is a "specific and legitimate reason to discount [Dr. Sandman's] opinion."  (R&R at 12.)  In light of the Administrative Record, the ALJ's findings, and the R&R, the court independently rejects Ms. Jacobs' argument and finds that the ALJ did provide specific and legitimate reasons for rejecting Dr. Sandman's opinion, and that those reasons are supported by substantial evidence.

### C. The ALJ provided legally sufficient reasons for discounting Ms. Harris-Giles' opinion.

Ms. Jacobs argues that "[t]he ALJ's reasons for rejecting Ms. Harris-Giles's opinion are not sufficient." (Opening Br. at 21.)  The Social Security Commissioner disagrees, asserting that "the ALJ gave a germane reason supported by substantial evidence for discounting Ms. Harris-Giles's opinions." (Def. Br. at 13.)  The ALJ ruled that "[l]ittle weight is given to forms completed by therapist Harris-Giles in 2010 . . . [because] [t]he conclusions are mismatched with Ms. Harris-Gile's description of the claimant . . . , Ms. Harris-Giles's conclusions appear to be solely based on the claimant's allegations, [and] no basis was given for the assessment of a GAP at 40." (AR at 37.)  Judge Donohue's R&R affirmed the ALJ's ruling because the "ALJ's reasons for discounting Ms. Harris-Giles's opinions are germane." (R&R at 14.)

To discount testimony of a lay witnesses "the ALJ . . . must give reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *see Molina*, 674 F.3d at 1114 (holding that the ALJ must provide germane reasons to discount an "other source"[2] opinion). After reviewing the full Administrative Record, the ALJ's findings, and the R&R, the court independently rejects Ms. Jacobs' argument and finds that the ALJ did provide germane, legally sufficient reasons for discounting Ms. Harris-Giles' opinions.

### D. The ALJ's residual functional capacity ("RFC") assessment was consistent with Dr. Alexander's opinion.

Last, Ms. Jacobs argues that the ALJ erred when he failed to fully adopt Dr. Alexander's opinion and "did not give legally sufficient reasons for rejecting it."[3] (Objections at 4.) In response, the Social Security Commissioner argues that the "ALJ's findings are fully consistent with Dr. Alexander's opinion." (Resp. (Dkt. # 15) at 5.) The ALJ stated in his ruling that "great weight is given to the opinion expressed by Dr. Alexander." (AR at 36; *see also* AR 33-37.) The R&R stated that "Plaintiff ha[d] failed

---

[2] Per C.F.R. §§ 404.1513(d), evidence from other sources, including evidence from therapistis, may be presented to show the severity of a claimant's impairments.

[3] Plaintiff also argues that the "ALJ's decision [is] based on post hoc rationalization which is not a permissible basis to affirm the Commissioner's decision." (Objections at 3.) It is unclear from the briefing what post hoc rationalization Ms. Jacobs is referring to in her Objections. (*See* Resp. (Dkt. # 15) at 3.) Defendants conclude that "[p]laintiff appears to argue that the ALJ could not rely on Arthur Lewy, Ph.D. (the state agency doctor) to translate Dr. Alexander's abstract opinion into concrete functional limitations." (Resp. at 3.) The ALJ states that "Dr. Alexander's findings were affirmed by Arthur Lewy, Ph.D., in September 2009 after he studied the medical evidence." (Ar at 36.) Because Mr. Lewy's assessment was completed prior to the ALJ's ruling, this court does not find that the ALJ's ruling is based on a post hoc rationalization.

to establish that the ALJ's RFC assessment [was] inconsistent with Dr. Alexander's report." (R&R at 17.)  In reminding the parties that an RFC need only be consistent with [a] doctor's credibily assessed limitations, not identical to them, *see Turner v. Comm'r Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010), the R&R found that the ALJ's ruling "w[as] consistent with Dr. Alexander's opinion." (Resp. at 17.)  Specifically, "[t]he ALJ limited Plaintiff to performing simple, routine tasks and following short, simple instructions, which was consistent with the opinions of State agency consultants, as well as Dr. Alexander's report." (R&R at 15; *see* AR at 34, 306, 355.)

The Ninth Circuit and two sister circuits have held that an RFC restriction to simple tasks is not inconsistent with medical recommendations to have moderate limitations in concentration, persistence, and pace.  *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *see Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).  Furthermore, the Social Security Administration has established that an "RFC is not the *least* an individual can do despite his or her limitations or restrictions," nor do the restrictions need to provide a claimant an environment where they would be at their best; the RFC merely need describe "the *most*" a claimant can do.  *Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P, 1996 WL 374184, at *4 (July 2, 1996);[4] *see Carmickle v. Comm'r*

---

[4] Although not binding on federal courts, deference is accorded to Social Security Rulings, which represent the Social Security Administration's interpretation of its law, absent a finding that the Rulings are erroneous or inconsistent with the Act or its regulations.  *Chavez v. Dep't of Health and Human Serv.*, 103 F.3d 849, 851 (9th Cir. 1996) (citing *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989)).

*Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).  A review of the Administrative Record, the ALJ ruling, and the RFC indicate that Dr. Alexander's opinion was not rejected by the court, but rather was fully accounted for in the RFC finding.  Having reviewed the Administrative Record, the ALJ's findings, and the R&R, the court independently rejects Ms. Jacobs' argument and finds that the ALJ's RFC assessment was consistent with Dr. Alexander's opinion.

## IV.   CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # 13) in its entirety;

(2) The court AFFIRMS the ALJ's findings in their entirety; and

(3) The court DIRECTS the Clerk to send copies of this Order to Ms. Jacobs, to counsel for the Commissioner, and to Magistrate Judge James P. Donohue.

Dated this 12th day of August, 2013.

_____
JAMES L. ROBART
United States District Judge